JUSTICE TRIEWEILER
dissenting.
¶21 I dissent from the majority Opinion.
¶22 The language of § 61-8-402, MCA, is both clear and mandatory. It provides, in relevant part:
(1) A person who operates or is in actual physical control of a vehicle upon ways of this state open to the public is considered to have given consent to a test or tests of the person’s blood or breath for the purpose of determining any measured amount or detected presence of alcohol or drugs in the person’s body.
(2) (a) The test or tests must be administered at the direction of a peace officer when:
(i) the officer has reasonable grounds to believe that the person has been driving or has been in actual physical control of a vehicle upon ways of this state open to the public while under the influence of alcohol,....
¶23 When construing a statute, this Court’s role is to simply ascertain and declare what is in terms or in substance contained therein, not to put its own result-oriented spin on otherwise clear language. See § 1-2-101, MCA. Every child understands the meaning of “must,” however, if there’s any question, Webster’s Ninth New Collegiate Dictionary defines it in part as “b: be required by law, custom, or moral conscience ... to be obliged to . . . .”
¶24 In the past, we have held that when the state violates other testing requirements related to drivers suspected of driving under the influence of alcohol, the appropriate remedy is dismissal of the charges against the defendant. See State v. Minkoff, 2002 MT 29, ¶ 24, 308 Mont. 248, ¶ 24, 42 P.3d 223, ¶ 24. In that case, we concluded that the investigating officer frustrated a DUI suspect’s right pursuant to 61-8-405(2), MCA, to gather an independent blood sample by warning the suspect that the sample would demonstrate a higher blood alcohol level than did the breath test administered by the investigating officer. *400 If discouraging someone, while not prohibiting that person, from obtaining an independent blood test requires dismissal even though breathalyzer test results are already available, then it makes no sense to me why ignoring the plain and mandatory language requiring a test to measure the amount of alcohol in a person’s body would not compel the same result.
¶25 Had the majority chosen to affirm the District Court’s finding that Beanblossom frustrated the investigating officer’s efforts to administer a breathalyzer or blood test, that would make some sense. However, the majority has ignored that issue. In the process, the majority has also chosen to ignore the plain language of the statute in favor of its own result-oriented approach and has demonstrated a propensity to selectively and randomly enforce those statutes which pertain to the administration of tests to those people who are suspected of driving under the influence of alcohol. The majority does so based on case law from other jurisdictions. However, when a statutory mandate is as clear as the language in § 61-8-402(2), MCA, case law from other jurisdictions is irrelevant and unnecessary.
¶26 The majority suggests in ¶ 16 that, “[T]he ‘must’ language of the statute refers to ‘who’ administers the test if, in the officer’s discretion, a test is given. ‘Must’ does not refer to ‘whether’ the test has to be administered.” The majority’s strained interpretation deserves high marks for creativity but low marks for consistency, adherence to basic rules of grammar, or a willingness to enforce plain statutory language when doing so leads to an unpleasant result.
¶27 For these reasons, I dissent from the majority Opinion. I would reverse the judgment of the District Court and order that the charges against Beanblossom be dismissed for failure of the investigating officer to follow the plain language of § 61-8-402(2), MCA.